UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

_____

In re

MATTHEW J. BLAIR,                                    Case No. 05-41949-MDM-7

    Debtor.
_____

DUSTIN ELBING,

    Plaintiff,

v.                                                   Adversary No. 06-2135

MATTHEW J. BLAIR,

    Defendant.

_____

MEMORANDUM DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
_____

The plaintiff, Dustin Elbing, filed an adversary proceeding under 11 U.S.C. § 523(a)(6) seeking a determination that potential obligations owed him by the debtor, as yet unliquidated, are excepted from his discharge. The plaintiff moved for summary judgment on the grounds various statements, pleadings, and state court orders have preclusive effect in this court. The defendant opposed the motion for summary judgment.

This is a core proceeding under 28 U.S.C. § 157(b)(2)(I), and the court has jurisdiction under 28 U.S.C. § 1334. The following constitutes the court's findings of facts and conclusions of law pursuant to Fed. R. Bankr. P. 7052. For the reasons stated below, the plaintiff's motion is granted.

BACKGROUND

Hockey is a rough sport, especially the way some people play it. The plaintiff's damages

arose on June 30, 2002, at the end of a hockey game in which both parties were playing. According to a police report made after the game, after vigorous contact in pursuit of the puck, Blair took off his hockey gloves and began punching Elbing in the head, face and nose. As a result of the incident, Elbing required treatment at Theda Clark Regional Medical Center for injuries to his face, including two fractures of the orbits of his right eye and a broken nose.

Mr. Blair was charged in Outagamie County Circuit Court, Criminal Case 2003 CM 1280, with misdemeanor battery, in violation of § 940.19(1), Wis. Stats., and disorderly conduct, in violation of § 947.01, Wis. Stats. On January 26, 2004, Mr. Blair plead no contest to both charges and was sentenced to probation, restitution and community service.

Subsequently, Mr. Elbing initiated a civil lawsuit against Mr. Blair in Outagamie County Circuit Court, Case 2004 CV 780. After a non-evidentiary hearing on a motion for summary judgment filed by Mr. Blair's insurance carrier, American Family Mutual Insurance Company, Circuit Court Judge Dee R. Dyer made the following findings: (1) "The acts of defendant, Matthew J. Blair, constituted intentional acts within the meaning of the Intentional Act Exclusion of American Family's policy" and (2) "The acts of Matthew Blair in dropping his hockey gloves and punching Dustin Elbing in the face is not self-defense as a matter of law." *See* Order dated May 10, 2005, Outagamie Circuit Court Case No. 2004 CV 780. Finding the specific exclusionary provision in the insurance policy precluded coverage, the court dismissed the insurance carrier as a co-defendant in the civil action. The case is still pending as to plaintiff and defendant.

Mr. Blair had previously provided a recorded statement to American Family Insurance on May 11, 2004. Mr. Blair explained that after being "cross-checked" by Mr. Elbing, he dropped

his gloves and nudged Mr. Elbing: "I was, I guess I was skating along the boards. Dustin came and ___ me against the boards. I kind of turned towards, pushed him away and I kind of looked at him and said you know drop your gloves, let's go and then I punched him in the face and that was it." Mr. Blair further explained that he was reacting to Mr. Elbing's "dirty plays":

> It was more of a defense you know. The natural reaction coming from playing hockey. More of a defense mechanism, you know, it wasn't my intention to hit him and break his nose or anything like that. It was more of a defense, head thing, you send a message.

(Interview of Matthew Blair, May 11, 2004).

Mr. Blair filed his chapter 7 bankruptcy case on October 14, 2005.

## ARGUMENT

The plaintiff contends the undisputed facts established by the state court actions in Outagamie County support a finding that Mr. Blair's actions toward Mr. Elbing on June 30, 2002, were willful and malicious. Consequently, any judgment arising out of such actions is nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

The defendant opposed the motion for summary judgment, arguing his alleged wrongful conduct toward Mr. Elbing has never been actually litigated by the parties. Accordingly, the findings in the prior state court proceedings are not entitled to preclusive effect.

## DISCUSSION

To prevail on a motion for summary judgment the moving party must show there is no genuine issue of material fact and he or she is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). To determine if there is a genuine issue of material fact all facts are construed in the light most favorable to the non-moving party. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003) (citations omitted). Additionally, all reasonable inferences are drawn in favor of that party.

3

*Id*. However, the non-movant must set forth "specific facts showing that there is a genuine issue for trial" which requires more than "just speculation or conclusory statements." *Id*. at 283 (citations omitted).

The doctrine of issue preclusion prevents relitigation of an issue of fact or law previously decided in a judicial proceeding provided the party against whom the prior decision was asserted enjoyed a full and fair opportunity to litigate that issue in the earlier proceeding. *Allen v. McCurry*, 449 U.S. 90, 94-95, 101 S.Ct. 411, 414-415, 66 L.Ed.2d 308 (1980). Additionally, issue preclusion applies in dischargeability proceedings in bankruptcy. *Klingman v. Levinson*, 831 F.2d 1292, 1295 (7th Cir. 1987).

First, as a matter of full faith and credit a federal court must apply the forum state's law of issue preclusion when it determines the preclusive effect of a state court judgment. 28 U.S.C. § 1738; *Stephan v. Rocky Mountain Chocolate Factory, Inc.*, 136 F.3d 1134, 1136 (7th Cir. 1998). Additionally, the forum state's law of issue preclusion applies in determining the dischargeability of debt. *Bukowski v. Patel*, 266 B.R. 838, 842 (E.D. Wis. 2001) (citing *Matter of Bulic*, 997 F.2d 299, 304 n. 6 (7th Cir. 1993)). Accordingly, whether issue preclusion applies must be determined according to Wisconsin law.

In Wisconsin courts, issue preclusion is a two-step analysis. The first step is to determine whether a litigant against whom issue preclusion is asserted is in privity with a nonparty or has sufficient identity of interests to comport with due process. *Paige K.B. v. Steven G.B.*, 226 Wis.2d 210, 224, 594 N.W.2d 370 (1999). Mr. Blair was a party to both previous actions, so privity is not a question the court needs to address.

The next step in issue preclusion analysis is whether applying issue preclusion comports

4

with principles of fundamental fairness. This is generally a discretionary decision, although some of the factors the court is to consider in determining fairness present a question of law. *Paige K.B.*, 226 Wis.2d at 225, 594 N.W.2d 370.

The factors that courts may consider when undertaking the second step of issue preclusion are: (1) could the party against whom preclusion is sought, as a matter of law, have obtained review of the judgment; (2) is the question one of law that involves two distinct claims or intervening contextual shifts in the law; (3) do significant differences in the quality or extensiveness of proceedings between the two courts warrant relitigation of the issue; (4) have the burdens of persuasion shifted such that the party seeking preclusion had a lower burden of persuasion in the first trial than in the second; or (5) are matters of public policy and individual circumstances involved that would render the application of collateral estoppel to be fundamentally unfair, including inadequate opportunity or incentive to obtain a full and fair adjudication in the initial action? *Michelle T. v. Crozier*, 173 Wis.2d 681, 689, 495 N.W.2d 327 (1993) (footnote omitted).

The court turns first to the defendant's no contest plea. Issue preclusion was recently addressed by the supreme court in *Mrozek v. Intra Financial Corp.*, 281 Wis.2d 448, 699 N.W.2d 54 (2005). Addressing an issue never "squarely confronted" before, *Mrozek* held that a judgment of conviction based on a guilty plea does not carry issue preclusive effect. *Id*. at 465-66, 699 N.W.2d at 62-63. Thus, a criminal defendant who pleads guilty is not faced with the prospect of issue preclusion in any later civil litigation related to the criminal judgment. Unlike Mrozek, who was convicted upon a plea of guilty, the debtor's conviction resulted from a no-contest plea. But because a court accepting a plea of no contest must follow the same procedures as a court

5

accepting a guilty plea, *see* Wis. Stat. § 971.08(1), a conviction upon a plea of no contest would be treated the same for the purposes of issue preclusion. Consequently, Mr. Blair's no contest plea does not have a preclusive effect in this nondischargeability proceeding.

Section 523(a)(6) prevents discharge of "any debt for willful and malicious injury by the debtor to another entity or to the property of another entity." "The word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional injury, not just a deliberate or intentional act that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998).

Regarding the civil summary judgment proceeding which resulted in the dismissal of the defendant's insurance carrier, the defendant argues that the granting of summary judgment with respect to the exclusionary clause did not give the defendant a fair opportunity to present his case. He notes that the record does not indicate whether the plaintiff presented evidence or proved its case. It does not, but the defendant makes no allegation and filed no affidavit indicating he did not have a chance to present his side of the story. The defendant's brief asks the rhetorical questions, "Did the defendant have a full and fair opportunity to have all the issues tried? Was the defendant represented by counsel relative to American Family's summary judgment motion?" Nowhere does he allege a negative answer to these questions, and inviting speculation by this court is not sufficient to prevent the entry of summary judgment. Therefore, the court can presume the issue was fairly decided by the state court.

The defendant also argues that the issues were different in the portion of the state court action that has concluded. The Intentional Injury exclusion referred to in the findings quoted above states that the policy did not cover:

6

> 10. **Intentional Injury. We** will not cover **bodily injury** or **property damage** caused intentionally by or at the direction of any **insured** even if the actual **bodily injury** or **property damage** is different than that which was expected or intended from the standpoint of any **insured**.

American Family Mutual Insurance Company, Homeowners Policy, Exclusions – Section II, ¶ 10 (emphasis in original).

The state court's findings with respect to the intentional nature of the defendant's conduct, while not couched in the same words nevertheless as a matter of law meets the test for a finding of willfulness. The defendant fully intended to punch the plaintiff in the face; it was no accident, nor was it contact incidental to playing the game. The willfulness element of 11 U.S.C. § 523(a)(6) is established by issue preclusion.

Willfulness is also established by the defendant's statements in a recorded interview with an employee of the insurance company, the transcript of which is attached to the plaintiff's motion. The defendant's own version of the incident, quoted above, shows that he looked threateningly at the plaintiff ("drop your gloves" apparently is hockey-speak for "let's fight"– an interpretation confirmed in the plaintiff's deposition), dropped his own gloves (nowhere denied by the defendant, although at one point he said they came off after the punch) and hit the plaintiff. There was preparation for the action, showing willfulness, and he admitted punching the plaintiff in the face. The fact that the defendant only meant for the punch to "send a message," not to break anything, is irrelevant. The only way to send a message by a punch in the face is to hurt someone, which the defendant admittedly meant to do, and this injury is enough to fall within the statute. Cross-checking by the plaintiff does not rise to the level of "just cause or excuse." The defendant's own admissions, not denied, clarified, or in any way rehabilitated in

this action, support the willful and malicious nature of his actions. Thus, any damages established by the plaintiff are excepted from discharge as a matter of law under 11 U.S.C. § 523(a)(6).

The motion asks only for a finding of exception to discharge, and this is dispositive of this adversary proceeding. The civil action in state court is pending and that matter may continue to liquidate damages. If the plaintiff wishes to have this court liquidate damages, it must file a motion to that effect within thirty days of the date of the order granting summary judgment. Otherwise, the matter will be closed.

January 19, 2007

                                              Margaret Dee. McGarity
                                              Chief Judge, U.S. Bankruptcy Court